# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO PADRON, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PARLIER, et al., <br><br> Defendants. | Case No. 1:*16-cv-00549-LJO-SAB <br><br> ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM <br><br> (ECF No. 1) <br><br> THIRTY DAY DEADLINE |

Plaintiff Alfonso Padron, proceeding pro se filed this civil complaint pursuant to 28 U.S.C. § 1983 and an application to proceed in forma pauperis in this action on April 19, 2016.

## I.

## SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  <u>Iqbal</u>, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

## II.

## DISCUSSION

Plaintiff attended a meeting of the Parlier City Council on January 6, 2016. (Compl. 2, ECF No.1.) Plaintiff is a parent advocate and spoke on behalf of a parent in the audience. (<u>Id.</u>) As the meeting continued, Plaintiff was called to the lobby by a city employee who questioned Plaintiff about his speech and the topic. (<u>Id.</u> at 2-3.) Plaintiff declared his right to Free Speech on any topic within the jurisdiction of the City. (<u>Id.</u> at 3.) The employee continued to express her dissatisfaction with Plaintiff's speech and attempted to intimidate, harass, and oppress Plaintiff by contacting a family member of the "person in question." (<u>Id.</u>) The employee and the family member attempted to intimidate, harass and oppress Plaintiff during the public meeting. (<u>Id.</u>)

The instant action alleges that Plaintiff filed a tort claim regarding the January 6, 2016 incident with the City of Parlier on February 10, 2016, and a civil complaint with the Fresno County Superior Court. (<u>Id.</u> at 2.) Defendant Lara placed Plaintiff's tort claim on the consent calendar. (<u>Id.</u> at 3.) On February 17, 2016, the City Council took action and voted on Plaintiff's tort claim during the consent calendar rather than during closed session. (<u>Id.</u> at 3.) In the previous twelve months all tort claims and litigation issues had been discussed during closed sessions. (<u>Id.</u> at 4.)

1    Plaintiff brings this action against the City of Parlier, City Council members, and City
2 Manager Israel Lara in their individual and official capacities alleging violations of the
3 Fourteenth Amendment and state law claims.

4    For the reasons set forth below, Plaintiff's complaint fails to state a cognizable claim for
5 a violation of his federal rights. Plaintiff shall be granted the opportunity to file an amended
6 complaint to correct the deficiencies identified in this order.

   **A.    Liability Under Section 1983**

   To establish liability under section 1983, a plaintiff is required to show "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." There is no respondeat superior liability under section 1983. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1151 (9th Cir. 2011). To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In a section 1983 action, the complaint must allege that every defendant acted with the requisite state of mind to violate the underlying constitutional provision. OSU Student Alliance v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

   Finally, under Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978), "a municipality cannot be held liable under § 1983 *solely* because it employs a tortfeasor ... in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." A municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. Id. at 694. "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.' " Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) (quoting Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992)). An official capacity claim against a municipal employee is equivalent to a claim against their municipal employer and must be based on an official policy or custom. Larez

v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).

Plaintiff brings this action against the City of Parlier, but the complaint does not allege a policy or custom. In fact, Plaintiff's complaint alleges that his was the only tort claim that was decided in open court indicating that it was the City's policy to handle tort actions during closed session. Accordingly, Plaintiff's complaint fails to state a claim against the City of Parlier.

### B.  Federal Claim

Plaintiff alleges that this right to privacy under the Fourteenth Amendment was violated by the handling of his tort claim. "The federal Constitution contains no provision expressly setting forth or guaranteeing a constitutional right of 'privacy[,]' " Am. Acad. of Pediatrics v. Lungren, 16 Cal.4th 307, 326 (1997), but courts have held that there are some privacy rights that are within those fundamental rights that are protected by the Due Process Clause of the Fourteenth Amendment, Planned Parenthood of Se. Pennsylvania v. Casey, 505 U.S. 833, 847 (1992).

"In two cases decided more than 30 years ago, [the Supreme Court] referred broadly to a constitutional privacy 'interest in avoiding disclosure of personal matters.' " Nat'l Aeronautics & Space Admin. v. Nelson, 562 U.S. 134, 138 (2011) (quoting Whalen v. Roe, 429 U.S. 589, 599–600 (1977); Nixon v. Administrator of General Services, 433 U.S. 425, 457 (1977)). The Court recognized that there are two kinds of privacy interests: 1) an individual's interest in avoiding disclosure of personal matters; and 2) an individual's interest in making certain kinds of important decisions. Whalen, 429 U.S. at 599. In Nelson, the Supreme Court assumed without deciding that there was a constitutional right to informational privacy. Nelson, 562 U.S. at 138.

The Ninth Circuit has recognized a constitutional protected privacy interest in avoiding disclosure of personal matters which encompasses medical records, although the Supreme Court has never so held. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998); Seaton v. Mayberg, 610 F.3d 530, 537 (9th Cir. 2010). "Some courts have held that where the government releases information, it must be of a highly personal nature before constitutional privacy rights will attach." Arakawa v. Sakata, 133 F. Supp. 2d 1223, 1228 (D. Haw. 2001).

Plaintiff's allegation that the City Council voted on his tort claim in open session is insufficient to state a claim for violation of a privacy interest that would be sufficiently important to constitute a violation of his constitutional rights. While the vote may have taken place on the consent calendar, Plaintiff has not identified any confidential information that was implicated or disclosed by considering the matter outside of closed session. Pleading facts that are 'merely consistent with" with liability "stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678. Plaintiff has failed to state a cognizable claim for a violation of his federal rights.

### C. State Law Claims

The Court does not reach the viability of Plaintiff's state law claims at this time because the Court will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). Accordingly, the Court will not analyze Plaintiff's state law claims, but sets forth the applicable legal standards.

#### 1. Right of Privacy Under the California Constitution

The California Constitution declares that privacy is an inalienable right of the people of California. Cal. Const. Art. I, § 1. The elements for a claim under the California right to privacy are: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest." Leonel v. Am. Airlines, Inc., 400 F.3d 702, 712 (9th Cir. 2005), opinion amended on denial of reh'g, No. 03-15890, 2005 WL 976985 (9th Cir. Apr. 28, 2005). These elements are a threshold to "weed out claims that involve so insignificant or de minimis an intrusion on a constitutionally protected privacy interest as not even to require an explanation or justification by the defendant." Leonel, 400 F.3d at 712 (quoting Loder v. City of Glendale, 14 Cal.4th 846 (1997)).

#### 2. Infliction of Emotional Distress

Under California law, "there is no independent tort of negligent infliction of emotional distress" in that "[t]he tort is negligence, a cause of action in which a duty to the plaintiff is an

essential element." Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (1993). To state a claim of negligence for infliction of emotional stress under California law Plaintiff must plead the elements of a negligence cause of action: "(1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (2009).

The elements for a claim of intentional infliction of emotional distress under California law are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376 (2010) (quoting Agarwal v. Johnson, 25 Cal.3d 932, 946 (1979)). Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)). The emotional distress must be "of such a substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." Simo, 322 F.3d at 622.

### D.   Leave to Amend

Generally, leave to amend shall be freely given when justice so requires. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). "This policy is 'to be applied with extreme liberality.'" Id. (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Leave to amend should be freely given in the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. Id. at 1051-52. Absent prejudice, or a strong showing of the other factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Id. at 1052.

The Court will grant leave to file an amended complaint to cure the deficiencies identified in this order.

## III.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff's application to proceed in forma pauperis demonstrates entitlement to proceed without prepayment of fees. Notwithstanding this order, the Court does not direct that service be undertaken until the Court screens the complaint and finds that Plaintiff has stated a cognizable claim.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis is GRANTED (ECF No. 3);

2. Plaintiff's complaint, filed April 19, 2016, is DISMISSED with leave to amend (ECF No. 1);

3. Plaintiff shall file an amended complaint within thirty (30) days from the date of service of this order; and

4. Failure to comply with this order will result in this action being dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 5, 2016**

UNITED STATES MAGISTRATE JUDGE