1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO PADRON, | Case No.  1:16 -cv-00549-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| CITY OF PARLIER, et al., | (ECF No. 5) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Alfonso Padron, proceeding pro se, filed this civil rights complaint pursuant to 28 U.S.C. § 1983 on April 19, 2016.  On May 6, 2016, the Court dismissed Plaintiff's complaint with leave to amend for failure to state a claim.  Currently before the Court is Plaintiff's first amended complaint, filed May 27, 2016.

## I.

## SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.   In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. <u>Iqbal</u>, 556 U.S. at 678.

## II.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff brings this action against Defendants City of Parlier, City Council members, and City Manager Israel Lara alleging violations of his privacy rights under the United States Constitution, and state law claims. Plaintiff filed a tort claim regarding a January 6, 2016 incident with the City of Parlier on February 10, 2016. (Compl. 2, ECF No. 5.) Defendant Lara placed Plaintiff's tort claim on the civil consent calendar on February 17, 2016, and again on April 20, 2016. (<u>Id.</u>) The City Council voted on Plaintiff's tort claim on the consent calendar rather than during closed session. (<u>Id.</u>)

Plaintiff alleges that Defendant Lara was responsible for a policy with respect to placing items on the agenda and the City Council members were responsible for a policy that caused disclosure of his private information. Plaintiff claims that when each member voted on the agenda item his personal information was exposed allowing the public access to his private information. (<u>Id.</u> at 3.) Plaintiff contends that his due process rights were violated when his address and phone number were disclosed. (<u>Id.</u> at 4.) Plaintiff alleges his private information was again disclosed when he sought a protective order from interrogatories in a state law case which was placed on the consent calendar. (<u>Id.</u>)

For the reasons, stated below, the Court finds that Plaintiff's first amended complaint fails to state a cognizable claim.

2

# III.

## ANALYSIS

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.  Long, 442 F.3d at 1185.  There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677.  To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Further, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691 (1978).  Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom.  Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

### A.    Right to Privacy

Plaintiff alleges that his privacy rights under the Fourteenth Amendment were violated by Defendants placing his tort claim on the consent agenda and voting in public session.  Specifically, Plaintiff alleges that his address, phone number, and that he filed a tort claim were disclosed to the public.

"The federal Constitution contains no provision expressly setting forth or guaranteeing a constitutional right of 'privacy[,]' " Am. Acad. of Pediatrics v. Lungren, 16 Cal.4th 307, 326 (1997), but courts have held that there are some privacy rights that are within those fundamental rights that are protected by the Due Process Clause of the Fourteenth Amendment, Planned Parenthood of Se. Pennsylvania v. Casey, 505 U.S. 833, 847 (1992).  The question here is whether the information Plaintiff alleges was disclosed is private information entitled to

1    protection under the United States Constitution

2        "In two cases decided more than 30 years ago, [the Supreme Court] referred broadly to a

3    constitutional privacy 'interest in avoiding disclosure of personal matters.' "  Nat'l Aeronautics

4    & Space Admin. v. Nelson, 562 U.S. 134, 138 (2011) (quoting Whalen v. Roe, 429 U.S. 589,

5    599–600 (1977); Nixon v. Administrator of General Services, 433 U.S. 425, 457 (1977)).  The

6    Court recognized that there are two kinds of privacy interests: 1) an individual's interest in

7    avoiding disclosure of personal matters; and 2) an individual's interest in making certain kinds of

8    important decisions.  Whalen, 429 U.S. at 599.  In Nelson, the Supreme Court assumed without

9    deciding that there was a constitutional right to informational privacy.  Nelson, 562 U.S. at 138.

10       The Ninth Circuit has recognized a constitutional protected privacy interest in avoiding

11   disclosure of personal matters which encompasses medical records, although the Supreme Court

12   has never so held.  Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir.

13   1998); Seaton v. Mayberg, 610 F.3d 530, 537 (9th Cir. 2010).  "Some courts have held that

14   where the government releases information, it must be of a highly personal nature before

15   constitutional privacy rights will attach."  Arakawa v. Sakata, 133 F. Supp. 2d 1223, 1228 (D.

16   Haw. 2001).

17       The Supreme Court made it clear that certain types of disclosures or publications do not

18   rise to the level of constitutional protection and must be addressed exclusively under state law.

19   Paul v. Davis, 424 U.S. 693, 713 (1976).  The right of privacy cases limit the privacy rights of

20   individuals under the substantive due process clause to those rights that are "fundamental" or

21   "implicit in the concept of ordered liberty."  Paul, 424 U.S. at 713.  The Ninth Circuit has

22   recognized that employees can have a privacy interest in their names and addresses, particularly

23   when the information is coupled with personal financial information which could be used by

24   mass marketers to commit an invasion of the individual right to be let alone.  Painting Indus. of

25   Hawaii Mkt. Recovery Fund v. U.S. Dep't of Air Force, 26 F.3d 1479, 1483 (9th Cir. 1994).

26   However, the Ninth Circuit has also recognized that the general vicinity of an offender's address

27   is not considered private information.  Russell v. Gregoire, 124 F.3d 1079, 1094 (9th Cir. 1997).

28   For the purposes of screening, the Court assumes without deciding that Plaintiff's address and

1  phone number would be entitled to protection in this action.

2        1.    <u>Policy and Custom Claims</u>

3        Plaintiff brings this action against the City of Parlier and the individual defendants in

4  their official capacities.   Plaintiff contends that the defendants "established a custom" of

5  disclosing his private information.  (ECF No. 5 at 4.)

6        Municipalities and other local governments are considered "persons" under § 1983 and

7  therefore may be liable for causing a constitutional deprivation.  <u>Monell</u>, 436 U.S. at 690–91.

8  Generally, to establish municipal liability, the plaintiff must show that a constitutional right was

9  violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's

10 constitutional rights, "and the policy was the moving force behind the constitutional violation."

11 <u>Burke v. County of Alameda</u>, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted); <u>see also</u>

12 <u>Gibson v. County of Washoe, Nev.</u>, 290 F.3d 1175, 1185-86 (9th Cir. 2002).   A policy is a

13 "longstanding practice or custom which constitutes the 'standard operating procedure' of the

14 local government entity."   <u>Menotti v. City of Seattle</u>, 409 F.3d 1113, 1151 (9th Cir. 2005)

15 (citations omitted).

16       Similarly, suits against municipal officers in their official capacities are subject to the

17 same requirements as <u>Monell</u> claims against local governmental entities.  <u>See</u> <u>Kentucky v.</u>

18 <u>Graham</u>, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than

19 name, to be treated as a suit against the entity of which an officer is an agent.")  A complaint

20 against the individual defendants in their official capacities is a suit against the entity itself and

21 the plaintiff must show that the entities policy or custom played a part in the violation of federal

22 law.  <u>Vance v. Cty. of Santa Clara</u>, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

23       Plaintiff's conclusory allegations that merely state the elements of the cause of action are

24 not sufficient to state a claim based upon a custom or policy.  <u>Iqbal</u>, 556 U.S. at 678.  Further,

25 Plaintiff alleges that the defendants created a policy of inaction by not following the usual

26 procedure which was the moving force behind his alleged constitutional violation.  However, the

27 usual procedure would be the policy of the City Council and deviation from this policy in

28 Plaintiff's case does not establish a policy or custom.  <u>Meehan v. County of Los Angeles</u>, 856

F.2d 102, 107 (9th Cir. 1988) (two incidents insufficient to establish a custom or policy). Plaintiff has failed to state a claim based on a policy or custom and further demonstrates that it is not the policy of the City to place tort claims actions on the consent calendar.  Accordingly, Plaintiff's municipal liability and official capacity claims are dismissed without leave to amend.

2. Individual Claims

Plaintiff alleges that Defendant Lara violated his right to privacy by placing the item on the consent agenda and the City Council Defendants violated his rights by voting during public session on the item.

As alleged in this instance, Plaintiff's right to privacy was violated when his tort claim was placed on the public agenda.  Plaintiff's allegation that Defendant Lara placed the tort action on the consent agenda thereby violating his right to privacy is sufficient to state a claim. However, Plaintiff's right to privacy had already been violated by placing the item on the agenda.  Plaintiff does not allege any facts by which his right to privacy was implicated by the City Council voting on the item during the consent portion of the agenda.  Therefore, Plaintiff fails to state a claim against the City of Parlier or the Parlier City Council members.

**B.**     **State Law Claims**

1. Right of Privacy Under the California Constitution

"Under the California Constitution, all people have a constitutionally protected right to privacy." Mintz v. Mark Bartelstein & Associates, Inc., 885 F. Supp. 2d 987, 995 (C.D. Cal. 2012).  The elements for a claim under the California right to privacy are: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest." Leonel v. Am. Airlines, Inc., 400 F.3d 702, 712 (9th Cir. 2005), opinion amended on denial of reh'g, No. 03-15890, 2005 WL 976985 (9th Cir. Apr. 28, 2005).  "A 'reasonable' expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms,' and 'the presence or absence of opportunities to consent voluntarily to activities impacting privacy interests obviously affects the expectations of the participant.' " TBG Ins. Servs. Corp. v. Superior Court, 96 Cal.App.4th 443, 449 (2002) (quoting Hill v. National

1   Collegiate Athletic Assn., 7 Cal.4th 1, 37 (1994)).

2           At this stage of the action, the Court shall assume without deciding that Plaintiff has

3   stated a claim for a constitutionally protected right to privacy in the information at issue here.

4   Plaintiff has therefore stated a claim against Defendant Lara.

5                          2.      Negligence

6           Under California law, "there is no independent tort of negligent infliction of emotional

7   distress" in that "[t]he tort is negligence, a cause of action in which a duty to the plaintiff is an

8   essential element." Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (1993).  To state a

9   claim of negligence for infliction of emotional stress under California law Plaintiff must plead

10  the elements of a negligence cause of action: "(1) a legal duty to use due care; (2) a breach of

11  that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual

12  loss or damage resulting from the breach of the duty of care."  Brown v. Ransweiler, 171

13  Cal.App.4th 516, 534 (2009).

14          Plaintiff alleges that Defendant Lara had a duty to use due care to protect his personal

15  information and breached that duty by placing the tort claim on the consent agenda thereby

16  exposing Plaintiff to hatred and negativity by the public.  At the pleading stage, this is sufficient

17  to state a cause of action against Defendant Lara for negligence.

18          **C.      Leave to Amend**

19          Rule 8 requires that a complaint state the demand for the relief sought.   Plaintiff's

20  complaint fails to state the relief requested.  Plaintiff has failed to state a cognizable claim for

21  relief.

22          Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

23  pleading once as a matter of course at any time before a responsive pleading is served.

24  Otherwise, a party may amend only by leave of the court or by written consent of the adverse

25  party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).  Rule 15(a)

26  is very liberal and leave to amend 'shall be freely given when justice so requires.'"  Amerisource

27  Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P.

28  15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices

the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.

The Court finds that it would be futile for Plaintiff to amend his Monell claims as discussed above.  Therefore, the Monell claims should be dismissed without leave to amend.

Plaintiff is advised that his amended complaint must comply with the Federal Rules of Civil Procedure which requires a short plan statement of facts.  Further, Plaintiff's first amended complaint is comprised mainly of legal argument and case citation.  Plaintiff's second complaint shall not contain any legal arguments or cite to any cases or statutes.  If Plaintiff's complaint fails to comply with these requirements it will be stricken from the record.

## IV.

## FINDINGS AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's official capacity and municipal liability claims be dismissed from this action without leave to amend;

2.  Defendant City of Parlier is dismissed from this action; and

3.  Plaintiff be granted leave to file an amended complaint to cure the deficiencies discussed herein.

///
///
///
///
///
///
///
///
///
///
///

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 2, 2016**

UNITED STATES MAGISTRATE JUDGE

9