# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO PADRON,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF PARLIER, et al.,<br><br>  Defendants. | Case No.  1:16 -cv-00549-LJO-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 6) |

Plaintiff Alfonso Padron, proceeding pro se filed this civil rights complaint pursuant to 28 U.S.C. § 1983 on April 19, 2016 which was dismissed for failure to state a claim.  (ECF Nos. 1, 4.)   The action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On May 27, 2016, Plaintiff filed a first amended complaint. (ECF No. 5.)

On June 2, 2016, the Magistrate Judge filed a findings and recommendations ("F&Rs"). The F&Rs recommended dismissing certain claims and defendants for failure to state a claim. The F&Rs were served on Plaintiff and contained notice that any objections were to be filed within thirty days from the date of service.  The period for filing objections has passed and no objections have been filed.

Plaintiff has stated a claim for screening purposes against Defendant Lara for violation of his right to privacy under the First Amendment and state law claims of violation of the right to

1

privacy and negligence.[1] However, Plaintiff's first amended complaint failed to state any other cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in the F&Rs. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Lara on the First Amendment and state law claims, Plaintiff may so notify the Court in writing. Plaintiff will then be provided with a summons and a USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Lara.

If Plaintiff elects to amend, his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 556 U.S. at 679. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Additionally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Finally, Plaintiff is advised that his amended complaint must comply with the Federal Rules of Civil Procedure which requires a short plan statement of facts. Plaintiff's first amended

---

[1] The Court notes that the F&Rs assumed without deciding that disclosure of Plaintiff's address and phone number qualifies for protection under constitutional privacy jurisprudence. (ECF No. 6 at 4-5.) The Court adopts this finding without prejudice to revisiting this issue upon a noticed and fully briefed motion.

complaint is comprised mainly of legal argument and case citation. Plaintiff's second complaint shall not contain any legal arguments or cite to any cases or statutes. If Plaintiff's complaint fails to comply with these requirements it will be stricken from the record.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the F&Rs to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The F&Rs, filed June 2, 2016, is ADOPTED IN FULL;
2. Plaintiff's official capacity and municipal liability claims are dismissed from this action without leave to amend;
3. Defendant City of Parlier is dismissed from this action;
4. Within thirty days from the date of service of this order, Plaintiff shall either notify the Court that he is willing to proceed on those claims found to be cognizable against Defendant Lara or file a second amended complaint; and
5. Failure to comply with this order may result in the issuance of sanctions up to and including dismissal of this action.

IT IS SO ORDERED.

Dated:   **July 29, 2016**             /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE