# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO PADRON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF PARLIER, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00549-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION<br><br>(ECF No. 27) |

Plaintiff Alfonso Padron, proceeding pro se and in <u>forma</u> <u>pauperis</u>, filed this civil rights complaint pursuant to 28 U.S.C. § 1983 on April 19, 2016. (ECF No. 1.) Along with his complaint, Plaintiff filed a form consenting to the jurisdiction of the United States magistrate judge. (ECF No. 2.) This action is currently proceeding on Plaintiff's first amended complaint, filed May 27, 2016, against Defendant Israel Lara for violating his right to privacy under the Constitution of the United States and Constitution of the State of California and negligence under state law. (ECF Nos. 6, 9, 11.)

On March 5, 2018, Plaintiff filed a motion to disqualify the undersigned as the trial judge in this action. (ECF No. 27.) Plaintiff seeks disqualification under California Code of Civil Procedure, sections 170.6 and 170.1. Plaintiff is advised that he is bringing a claim in federal court and the California Rules of Civil Procedure do not apply. <u>Harms v. Select Portfolio Servicing, Inc.</u>, No. C 16-01585 CW, 2016 WL 10935055, at *1 (N.D. Cal. Dec. 16, 2016);

Carter v. Dawson, No. 1:07-CV-01325-OWW, 2010 WL 4603335, at *2 (E.D. Cal. Nov. 1, 2010). Accordingly, the Court construes Plaintiff's motion for recusal under 28 U.S.C. §§ 144 and 455.

In pertinent part, 28 U.S.C. § 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

As relevant here, Section 455 provides that a "magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a).

The test for personal bias or prejudice under sections 144 and 455 are identical and the same standard is applied to both sections. United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455 is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008); Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted). "The standard "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" Holland, 519 F.3d at 913.

Recusal under 28 U.S.C. § 144 is only required where the prejudice or bias of the judge is both personal and extra-judicial. United States v. Carignan, 600 F.2d 762, 763 (9th Cir. 1979). In order for the alleged bias and prejudice to be disqualifying, it must stem from an extrajudicial source other than what the judge learned from his participation in the case. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). The source of the bias must be extra-judicial because the recusal statutes were "never intended to enable a discontented litigant to oust a judge because of adverse rulings made. . . ." Ex parte Am. Steel Barrel Co., 230 U.S. 35, 44 (1913).

Plaintiff alleges that the undersigned is prejudiced against him because during a settlement conference in a different action, unrelated to this action, several disparaging

1  comments were made to Plaintiff and his attorney during the negotiations.  Plaintiff states that
2  the undersigned also made disparaging remarks about Plaintiff to other plaintiffs in the action
3  during the settlement negotiations.  Plaintiff alleges that on several occasions, the undersigned
4  stated that "**I'VE SEEN YOUR CASES, YOU THINK YOU ARE A JUDGE.**"  (ECF No. 27
5  at 4 (emphasis in original).)  Plaintiff asserts that the undersigned is biased against him and will
6  not be fair in the pending case.

The undersigned conducted a settlement conference with the parties in Ortiz v. Alvarez, 1:15-cv-00535-DAD-EPG (E.D. Cal.).  Plaintiff appeared for a number of settlement conferences in the Ortiz matter.  Initially, Plaintiff appeared on July 26, 2017, and the settlement conference was continued to August 15, 2017, at his request as he had obtained new counsel just prior to the conference.  Ortiz, 1:15-cv-00535-DAD-EPG (E.D. Cal. July 28, 2017).  On August 15, 2017, Plaintiff appeared for a settlement conference.  Ortiz, 1:15-cv-00535-DAD-EPG (E.D. Cal. Aug. 15, 2017).  The parties did not settle, but the Court informed them that the Court was amenable to a further settlement conference should they so desire.  Ortiz, 1:15-cv-00535-DAD-EPG (E.D. Cal. Aug. 16, 2017).  The parties reached out for a further settlement conference and an informal teleconference was conducted on November 6, 2017, in which no settlement was reached.  Ortiz, 1:15-cv-00535-DAD-EPG (E.D. Cal. Nov. 6, 2017).

Where a litigant complains of matters that occurred during the course of settlement negotiations, the Court's attempts to encourage settlement are not a basis of disqualification of the judge.  Bilello v. Abbott Labs., 825 F. Supp. 475, 479 (E.D.N.Y. 1993).  Settlement negotiations are not extrajudicial in nature and participation in such negotiations does not require disqualification of the judge.  United States v. Conservation Chem. Co., 106 F.R.D. 210, 234 (W.D. Mo. 1985).

In conducting a settlement conference, the Court acts as a neutral and impartial arbiter to assist the parties in exploring a voluntary settlement of the dispute.  In order to effectively act as a settlement judge, this Court spends considerable time preparing for the settlement conference by familiarizing himself with the facts and law that applies to the action so as to make it meaningful to the parties and results in a greater likelihood of settlement success.  In conducting

a settlement conference, the Court candidly discusses with all parties the strengths and weaknesses of their case with each party separately. For that reason, prior to the start of the settlement negotiations, the Court advised the parties collectively before separating them to not be offended by any comments that were made in discussing the settlement nor does the Court find offense from the parties proving the Court with information. The decision of whether an offer or counter offer should be accepted always lies with the parties and never the Court. While the Court is disappointed that Plaintiff took any discussions made during the settlement conference personally and was offended, the comments made during the settlement conference do not demonstrate a reason to question the Court's impartiality.

Further, even accepting as true that the statement was made during the settlement negotiations, it does "not stem from an extrajudicial source other than what the judge learned from his participation in the case." Grinnell Corp., 384 U.S. at 583. Plaintiff basically alleges that the Court stated that it had reviewed his cases and found that Plaintiff thinks that he is a judge. Such statements do not demonstrate bias or prejudice against Plaintiff such that the Court's impartiality could reasonably be questioned. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky, 510 U.S. at 555. The Court finds that Plaintiff has articulated no facts that reasonably question the undersigned's impartiality in this matter. In fact, the Plaintiff and his counsel continued to utilize the Court in attempting to settle the other matter.

Section 455 requires a party to show more than an "unsubstantiated suggestion of personal bias or prejudice." Holland, 519 F.3d at 913. Otherwise, a judge could recuse himself "for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring." Id. at 912. In the absence of a legitimate reason to disqualify himself, "a judge should participate in cases assigned." Id.

1 (citations omitted). The Court finds no basis for recusing himself in this action. The Court can and will be fair to both parties in this action.

Upon consideration of the current motion and that fact that no dispositive motions were filed, the Court finds another issue which the parties will be required to address. In reviewing the screening order issued in this matter, the Court assumed without deciding that a right to privacy existed in Plaintiff's address and phone number. (Findings and Recommendations Recommending Dismissing Certain Claims and Defendants 4-5, 7, ECF No. 6.) The Court notes that this issue has not been addressed by the parties and will need to be decided before trial. The parties are therefore required to brief this issue in their pretrial statement.

Accordingly, Plaintiff's motion for disqualification is HEREBY DENIED.

IT IS FURTHER ORDERED that the parties shall address whether a federal and state right to privacy exists in Plaintiff's address and phone number in the pretrial statement.

IT IS SO ORDERED.

Dated: __**March 6, 2018**__

UNITED STATES MAGISTRATE JUDGE