# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO PADRON,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF PARLIER, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00549-SAB<br><br>ORDER REQUIRING PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING BY MARCH 20, 2018 |

Plaintiff Alfonso Padron, proceeding pro se and in <u>forma</u> <u>pauperis</u>, filed this civil rights complaint pursuant to 28 U.S.C. § 1983 on April 19, 2016. (ECF No. 1.) This action is currently proceeding on Plaintiff's first amended complaint, filed May 27, 2016, against Defendant Israel Lara for violating his right to privacy under the Constitution of the United States and the State of California and negligence under state law. (ECF Nos. 6, 9, 11.) This action is currently set for a jury trial on May 8, 2018 before the undersigned. (ECF No. 25.)

On March 5, 2018, Plaintiff filed a motion to disqualify the undersigned as the trial judge in this action. (ECF No. 27.) On March 6, 2018, Plaintiff's motion was denied. (ECF No. 28.) The March 6, 2018 order stated "In reviewing the screening order issued in this matter, the Court assumed without deciding that a right to privacy existed in Plaintiff's address and phone number. (Findings and Recommendations Recommending Dismissing Certain Claims and Defendants 4-5, 7, ECF No. 6.) The Court notes that this issue has not been addressed by the parties and will need to be decided before trial." (ECF No. 28 at 5.) In their pretrial statements the parties were ordered to address whether a federal and state right to privacy exists in Plaintiff's address and

phone number. (Id.) Defendant did not address the issue in the pretrial statement and Plaintiff only addressed the issue as to California law. The parties will be required to provide supplemental briefing on this issue prior to the pretrial conference. The Court provides the following as a starting point for the parties briefing.

"The federal Constitution contains no provision expressly setting forth or guaranteeing a constitutional right of 'privacy[,]' " Am. Acad. of Pediatrics v. Lungren, 16 Cal.4th 307, 326 (1997), but courts have held that there are some privacy rights that are within those fundamental rights that are protected by the Due Process Clause of the Fourteenth Amendment, Planned Parenthood of Se. Pennsylvania v. Casey, 505 U.S. 833, 847 (1992). "In two cases decided more than 30 years ago, [the Supreme Court] referred broadly to a constitutional privacy 'interest in avoiding disclosure of personal matters.' " Nat'l Aeronautics & Space Admin. v. Nelson, 562 U.S. 134, 138 (2011) (quoting Whalen v. Roe, 429 U.S. 589, 599–600 (1977); Nixon v. Administrator of General Services, 433 U.S. 425, 457 (1977)). The Court recognized that there are two kinds of privacy interests: 1) an individual's interest in avoiding disclosure of personal matters; and 2) an individual's interest in making certain kinds of important decisions. Whalen, 429 U.S. at 599. In Nelson, the Supreme Court assumed without deciding that there was a constitutional right to informational privacy. Nelson, 562 U.S. at 138.

"In [Roe v. Wade, 410 U.S. 113 (1973)], the Supreme Court pointed out that the personal rights found in this guarantee of personal privacy must be limited to those which are "fundamental" or "implicit in the concept of ordered liberty" as described in Palko v. Connecticut, 302 U.S. 319, 325 (1937)." Paul v. Davis, 424 U.S. 693, 713 (1976). "The activities detailed as being within this definition were ones very different from that for which respondent claims constitutional protection—matters relating to marriage, procreation, contraception, family relationships, and child rearing and education. In these areas it has been held that there are limitations on the States' power to substantively regulate conduct." Paul, 424 U.S. at 713.

The Ninth Circuit has recognized a constitutional protected privacy interest in avoiding disclosure of personal matters which encompasses medical records, although the Supreme Court

has never so held.  Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998); Seaton v. Mayberg, 610 F.3d 530, 537 (9th Cir. 2010).  "Some courts have held that where the government releases information, it must be of a highly personal nature before constitutional privacy rights will attach."  Arakawa v. Sakata, 133 F. Supp. 2d 1223, 1228 (D. Haw. 2001).

The Supreme Court made it clear that certain types of disclosures or publications do not rise to the level of constitutional protection and must be addressed exclusively under state law.  Paul v. Davis, 424 U.S. at 713.  The right of privacy cases limit the privacy rights of individuals under the substantive due process clause to those rights that are "fundamental" or "implicit in the concept of ordered liberty."  Id.  The Ninth Circuit has recognized that employees can have a privacy interest in their names and addresses, particularly when the information is coupled with personal financial information which could be used by mass marketers to commit an invasion of the individual right to be let alone.  Painting Indus. of Hawaii Mkt. Recovery Fund v. U.S. Dep't of Air Force, 26 F.3d 1479, 1483 (9th Cir. 1994).  However, the Ninth Circuit has also recognized that the general vicinity of an offender's address is not considered private information.  Russell v. Gregoire, 124 F.3d 1079, 1094 (9th Cir. 1997).

Given this background, the parties shall file supplemental briefing regarding whether a right to privacy exists in **an individual's address and phone number** under the federal constitution.

Based on the foregoing, IT IS HEREBY ORDERED that the parties are to file supplemental briefing on or before March 20, 2018 regarding whether a right to privacy exists in **an individual's address and phone number** under the federal constitution.

IT IS SO ORDERED.

Dated:  **March 14, 2018**

UNITED STATES MAGISTRATE JUDGE

3