# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO PADRON, | Case No. 1:16-cv-00549-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT ON FEDERAL CLAIM AND CLOSE THIS ACTION |
| v. | |
| ISRAEL LARA, | |
| Defendant. | |
| | (ECF Nos. 36, 37-40, 41, 42, 43) |

Plaintiff Alfonso Padron, proceeding pro se and in forma pauperis, filed this civil rights complaint pursuant to 28 U.S.C. § 1983 on April 19, 2016. (ECF No. 1.) Currently before the Court are the parties' cross motions for summary judgment. (ECF Nos. 36, 37-40.)

## I.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed a tort claim regarding a January 6, 2016 incident with the City of Parlier on February 10, 2016. (Compl. 2, ECF No. 5.) Defendant Israel Lara placed Plaintiff's tort claim on the civil consent calendar on February 17, 2016, and again on April 20, 2016. (Id.) The City Council voted on Plaintiff's tort claim on the consent calendar rather than during closed session. (Id.)

/ / /

1

1    Plaintiff filed the complaint in this action on April 19, 2016. (ECF No. 1.) On this same
2    date, Plaintiff consented to the jurisdiction of the magistrate judge. (ECF No. 2.) On May 6,
3    2017, Plaintiff's complaint was screened and dismissed with leave to amend for failure to state a
4    claim. (ECF No. 4.)

5        Plaintiff filed an amended complaint on May 27, 2016. (ECF No. 5.) On June 2, 2016,
6    Plaintiff's amended complaint was screened and findings and recommendations issued
7    recommending dismissing certain claims and defendants from the action. (ECF No. 6.) Plaintiff
8    lodged a second amended complaint on June 6, 2016, which was stricken because Plaintiff had
9    not been granted leave to amend. (ECF Nos. 7, 8.) On June 29, 2016, District Judge Lawrence
10   J. O'Neill adopted the findings and recommendations. (ECF No. 9.) The City of Parlier was
11   dismissed from this action and Plaintiff was to notify the court if he wished to file a second
12   amended complaint or wanted to proceed on the claims found to be cognizable. (Id.) On August
13   4, 2016, Plaintiff filed a notice that he did not wish to file an amended complaint but wanted to
14   proceed on the cognizable claim against Defendant Lara. (ECF No. 10.) This action is
15   proceeding on the amended complaint against Defendant Lara for violation of Plaintiff's right to
16   privacy under the First Amendment and state law claims of violation of the right to privacy and
17   negligence. (ECF No. 9 at 1.)

18       On August 9, 2016, an order issued finding service of the complaint appropriate and
19   forwarding Plaintiff service documents for completion and return. (ECF No. 11.) Plaintiff
20   returned the documents, and on August 22, 2016 an order issued directing the United States
21   Marshal to initiate service of process on Defendant Lara. (ECF No. 13.) On November 21,
22   2016, Defendant Lara filed an answer. (ECF No. 14.) Defendant Lara consented to the
23   jurisdiction of the magistrate judge on November 29, 2016, and this action was reassigned to the
24   undersigned for all purposes. (ECF Nos. 18, 20.)

25       The scheduling order in this action issued on February 9, 2017. (ECF No. 25.) Plaintiff
26   filed a motion for disqualification of the magistrate judge which was denied on March 6, 2018.
27   (ECF Nos. 27, 28.) On March 13, 2018, the parties submitted pretrial statements. (ECF Nos. 29,
28   30.) On March 14, 2018, the parties were required to submit supplemental briefing regarding

whether Plaintiff had a privacy right in his address and phone number under the United States and California Constitutions. (ECF No. 31.) The parties submitted supplemental briefing on March 20, 2018. (ECF No. 32, 33.)

The pretrial conference was held on March 22, 2018. (ECF No. 34.) Plaintiff appeared pro per and counsel Gregory Myers appeared for Defendant Lira. (Id.) Pursuant to the discussion at the pretrial conference an order issued on March 23, 2018, vacating the trial and a briefing schedule was set for the parties to file motions for summary judgment. (ECF No. 35.)

On April 9, 2018, Defendant Lira filed a motion for summary judgment. (ECF No. 36.) Plaintiff filed a motion for summary judgment on April 10, 2018. (ECF Nos. 37-40.) Defendant Lira filed an opposition to Plaintiff's motion for summary judgment on April 18, 2018. (ECF No. 41.) Plaintiff filed an opposition to Defendant's motion for summary judgment and a reply to Defendant's opposition on April 26, 2018. (ECF No. 42, 43.)

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. . . ." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 322.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Each party's position,

whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

**III.**

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff seeks summary judgment on his claim for violation of his right to privacy under the United States Constitution and violation of his right to privacy and negligence under California law. In support of his motion for summary judgment, Plaintiff presents his complaint for damages filed in Fresno County Superior Court on January 25, 2016 (ECF No. 39 at 18-31), and what appears to be the associated tort claim filed with the City of Parlier (id. at 18-42); Plaintiff's notice of violation of the Brown Act (id. at 44-48); Plaintiff's tort claims in this action (id. at 50-56, 69-72); and Parlier City Council Meeting Agendas from February 14, 2015 through February 21, 2018 (id. at 74-132); Plaintiff's first amended complaint filed in this action (id. at 58-65); and a November 1, 2017 deposition of Rogelio Fernandez, M.D. (id. at 134-184).

Defendant responds that the information Plaintiff contends was disclosed is not the type of information protected by the United States Constitution and he is entitled to qualified

immponity. Defendant further argues that Plaintiff waived any confidentiality under state law and objects to the deposition of Roger Fernandez on the grounds that it is hearsay and Plaintiff did not disclose Dr. Fernandez as an expert in this matter.

Plaintiff argues that by admitting that he had a right to informational privacy, Defendant also admits an expectation of privacy.[1] (ECF No. 42 at 2.) Plaintiff cites to rules requiring that he provide the state court with his personal information to support the argument that he did not voluntarily disclose his information. (Id. at 2-5.)

Initially, Rule 56 of the Federal Rules of Civil Procedure provides that a party must support a fact that cannot be or is genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In support of his motion for summary judgment, Plaintiff filed a declaration on April 10, 2018. (ECF No. 38.) "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Whenever a rule requires that a matter be supported by a declaration or affidavit, 28 U.S.C. § 1746 requires that the declarant must declare, certify, verify or state that it is made under penalty of perjury and that it is true and correct. Plaintiff's declaration does not contain such a certification. Therefore, it does not meet the requirements of a declaration or affidavit under Rule 56. Further, Plaintiff's declaration, although contending that Defendant Lira was City Manager for the City of Parlier, does not include the period for which Defendant Lira is alleged to have held this position. Nor has Plaintiff demonstrated that he has personal knowledge of the facts regarding Defendant

---

[1] In his reply, Plaintiff argues that Defendant exposed his name, address, and phone number. (ECF No. 42 at 6.) Plaintiff has presented no evidence that his address and phone number were publicized on the agenda and his motion for summary judgment addressed that Defendant publicized the fact that Plaintiff filed a claim against the City of Parlier. Therefore, the Court shall not address Plaintiff's argument, raised for the first time in his reply, that his privacy rights were violated by the publication of his name address and phone number in discussing Plaintiff's motion for summary judgment.

1  Lira's duties during the time period that he was City Manager for the City of Parlier.[2]  The Court

2  finds that Plaintiff's declaration in support of summary judgment is not a declaration or affidavit

3  under Rule 56(c)(4).

4       The "declaration" contains Plaintiff's argument as to why he believes that Defendant Lira

5  violated his federal and state rights as well as largely irrelevant factual allegations and Plaintiff's

6  allegation that Defendant Lara was unqualified for the position of city manager.  However, the

7  conclusory allegations do not demonstrate that Plaintiff had personal knowledge of the facts

8  alleged regarding Defendant Lara's employment and eventual termination from the City

9  Manager position.  For example, Plaintiff states that the discord with the City Council was

10  apparent due to the numerous closed session meetings were titled "City Manager Position".  Yet

11  Plaintiff has included no facts to indicate he was involved in such closed session meetings.  The

12  declaration is Plaintiff's speculation and conjecture regarding what he believes occurred.  The

13  Court shall consider the declaration as further argument, but not as evidence, in support of the

14  motion for summary judgment.

15  ///

16

17  ---

[2] To the extent that Plaintiff contends that Defendant Lira was the executive director of Youth Centers of America and has returned to that position, neither Defendant Lira's employment with Youth Centers of America nor Plaintiff's services through a contract approved by the City of Parlier with that agency are relevant to the issues to be decided here.  While Plaintiff now contends that his tort claim was placed on the public agenda in retaliation for filing a wrongful termination suit, Plaintiff may not now expand the scope of this litigation via his motion for summary judgment.  Similarly, Plaintiff cannot now expand his privacy claims.  As the complaint frames the issues on summary judgment and "the issues in the complaint guide the parties during discovery and put the defendant on notice of what evidence is necessary to defend against the allegations, courts routinely hold that a plaintiff cannot oppose summary judgment based on a new theory of liability because it would essentially blindside the defendant with a new legal issue after the bulk of discovery has likely been completed."  Cole v. CRST, Inc., 150 F.Supp.3d 1163, 1169 (C.D. Cal. 2015) (internal punctuation and citations omitted); see also Gilmore v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (party cannot raise new claim in opposition to motion for summary judgment).

Plaintiff did not raise a retaliation claim in his first amended complaint and allowing Plaintiff to raise a new theory of liability in this instance, where discovery has closed and the matter is ready to proceed to trial, would be prejudicial to Defendant.  Here, the scheduling order issued on February 9, 2017, and the parties did not request any deadline to amend the pleading.  (ECF No. 25 at 2.)  However, all pretrial deadlines in the scheduling order have now expired and Plaintiff is required to show good cause to amend the scheduling order.  Fed. R. Civ. P. 16(b)(4).  Plaintiff has not moved to amend his complaint and based on the statements in the declaration was aware of the alleged retaliation and his privacy claims at the time that this action was filed.  It would be unfair to permit Plaintiff to amend his complaint at this stage of the litigation where discovery is closed and trial is imminent.  Eagle v. Am. Tel. & Tel. Co., 769 F.2d 541, 548 (9th Cir. 1985).  Plaintiff's claims are confined to those screened and found to be cognizable by the Court.  (ECF Nos. 6, 9.)

### A.    Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To prevail on his claim that Defendant Lira violated Plaintiff's right to privacy under the federal constitution, Plaintiff is required to show that Defendant Lira acted under color of state law and deprived him of rights secured by the Constitution.  Long, 442 F.3d at 1185.  Because there is no respondeat superior liability under section 1983, Defendant Lira is only liable for his own misconduct.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  Therefore, in order to prevail on this claim, Plaintiff must demonstrate that Defendant Lira personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff alleges that Defendant Lira violated his constitutional right to privacy by placing his tort claim on the consent agenda for the Parlier City Council meeting.  However, Plaintiff has presented no admissible evidence that Defendant Lira was employed by the City of Parlier, was involved in decisions regarding items on the agenda, or created the agenda for the Parlier City Council during the time period at issue in this action.  Further, to the extent that Plaintiff seeks to hold Defendant Lira liable because he was the city manager, there is no supervisory liability under section 1983.  Iqbal, 556 U.S. at 677.

Plaintiff has failed meet his initial burden to "demonstrate the absence of a genuine issue of material fact" as to the section 1983 claim.  Celotex Corp., 477 U.S. at 322.

### B.    Right to Privacy Under the United States Constitution

Plaintiff contends that his right to privacy was violated when his tort claim was placed on the public agenda.  (ECF No. 38 at 2.)  Plaintiff also argues that since the right to privacy is guaranteed and fundamental under California law the United States Constitution ought to apply by analogy or comity.  (ECF No. 37 at 7.)  Plaintiff further argues that adequate safeguards exist to have placed his private personal information in closed session to avoid a privacy violation and that Defendant's contention that he relied on the City Attorney is not a legitimate defense.  (ECF

No. 39 at 14.)  Plaintiff states that Defendant Lira is liable as a matter of law.  (Id.)

Defendant Lira counters that informational privacy under the federal constitution has been narrowly construed and an individual's name, address, and phone number are not protected under the United States Constitution.  (ECF No. 41 at 3.)  However, Plaintiff did not raise the privacy in his name, address and phone number in his motion for summary judgment.  Plaintiff's motion seeks summary judgment based upon the disclosure that he filed a tort claim against the City of Parlier on the public agenda for the city council meetings.

There is no "right of privacy" expressly guaranteed by the Constitution, but "the Supreme Court has recognized that 'zones of privacy' may be created by specific constitutional guarantees, thereby imposing limits upon governmental power."  Grummett v. Rushen, 779 F.2d 491, 493 (9th Cir. 1985).  Courts have held that there are some privacy rights that are within those fundamental rights that are protected by the Due Process Clause of the Fourteenth Amendment.  Planned Parenthood of Se. Pennsylvania v. Casey, 505 U.S. 833, 847 (1992).  The Supreme Court has recognized that there are two kinds of privacy interests: 1) an individual's interest in avoiding disclosure of personal matters; and 2) an individual's interest in making certain kinds of important decisions.  Whalen v. Roe, 429 U.S. 589, 590 (1977).

"In two cases decided more than 30 years ago, [the Supreme Court] referred broadly to a constitutional privacy 'interest in avoiding disclosure of personal matters.' " Nat'l Aeronautics & Space Admin. v. Nelson ("Nelson"), 562 U.S. 134, 138 (2011) (quoting Whalen, 429 U.S. at 599–600; Nixon v. Administrator of General Services, 433 U.S. 425, 457 (1977)).  "In [Roe v. Wade, 410 U.S. 113 (1973)], the Supreme Court pointed out that the personal rights found in this guarantee of personal privacy must be limited to those which are "fundamental" or "implicit in the concept of ordered liberty" as described in Palko v. Connecticut, 302 U.S. 319, 325 (1937)." Paul v. Davis, 424 U.S. 693, 713 (1976).  "The activities detailed as being within this definition were . . . matters relating to marriage, procreation, contraception, family relationships, and child rearing and education.  In these areas it has been held that there are limitations on the States' power to substantively regulate conduct." Paul, 424 U.S. at 713.

///

Most recently in <u>Nelson</u>, the Supreme Court addressed the claim that requiring contract employees to respond to questions regarding treatment and counseling for illegal drug use during a background check violated their right to privacy. <u>Nelson</u>, 562 U.S. at 138. The Court assumed without deciding that there was a constitutional right to informational privacy. <u>Id.</u> at 138. The Court held that there was no constitutional violation because the government had an interest in managing it internal operations and the questions were reasonable in light of the interests at stake and because the information was shielded from disclosure by the Privacy Act. <u>Id.</u> at 159. It is this right to informational privacy that is at issue here.

"In the years since <u>Whalen</u>, courts have struggled to define the limits of a constitutional right to privacy, especially with respect to disclosure of personal matters." <u>Arakawa v. Sakata</u>, 133 F.Supp.2d 1223, 1226 (D. Haw. 2001); <u>see</u> <u>In re Crawford</u>, 194 F.3d 954, 958 (9th Cir. 1999) (the precise bounds of the constitutional zone of privacy is uncertain); <u>Kallstrom v. City of Columbus</u>, 136 F.3d 1055, 1060 (6th Cir. 1998) (boundaries of the right to privacy have not been clearly delineated); <u>Eagle v. Morgan</u>, 88 F.3d 620, 625 (8th Cir. 1996) ("the exact boundaries of this right are, to say the least, unclear"); <u>James v. City of Douglas, Ga.</u>, 941 F.2d 1539, 1543 (11th Cir. 1991) ("constitutional right to privacy has vague contours and has been in a state of flux in recent years").

The Sixth Circuit has recognized a narrow right to privacy in personal information such as an address, phone number, driver's license number, etc. where disclosure of such information was particularly sensitive and the persons to whom it was disclosed were particularly dangerous. <u>Barber v. Overton</u>, 496 F.3d 449, 456 (6th Cir. 2007). The privacy interests implicate constitutional concerns where their interest in preserving their lives and the lives of their family members, as well as their personal security and bodily integrity, are implicated. <u>Kallstrom</u>, 136 F.3d at 1062. However, in <u>Barber</u>, the Sixth Circuit found that the release of social security numbers without a serious threat of injury was not sensitive enough to create a privacy violation that would warrant constitutional protection. <u>Barber</u>, 496 F.3d at 456.

The Eighth Circuit has held that the "protection against public dissemination of information is limited and extends only to highly personal matters representing 'the most

9

intimate aspects of human affairs.' " Eagle, 88 F.3d at 625 (quoting Wade v. Goodwin, 843 F.2d 1150, 1153 (8th Cir.), cert. denied, 488 U.S. 854 (1988)). Violation of this standard would occur where the disclosure is "either a shocking degradation or an egregious humiliation of [the plaintiff] to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." Eagle, 88 F.3d at 625 (quoting Alexander v. Peffer, 993 F.2d 1348, 1350 (8th Cir.1993)). In determining if there is a violation, the Eighth Circuit looks to the "nature of the material opened to public view to assess whether the person had a legitimate expectation that the information would remain confidential while in the state's possession." Eagle, 88 F.3d at 625. Where the information is inherently private it is entitled to protection. Id. Courts have been traditionally reluctant to extend this protection beyond categories of evidence that are considered extremely personal. Id. The court found that the disclosure of the plaintiff's prior conviction which had been expunged did not fall within the narrow scope of privacy rights protected by the Constitution. Id.

Courts outside this circuit "have held that where the government releases information, it must be of a highly personal nature before constitutional privacy rights will attach[;]" Arakawa, 133 F.Supp.2d at 1228, and the Ninth Circuit has noted that not every exposure raises privacy concerns that would be protected under the United States Constitution, People of State of Cal. v. F.C.C. ("F.C.C."), 75 F.3d 1350, 1361 (9th Cir. 1996). Although the Supreme Court has never so held, the Ninth Circuit has recognized a constitutionally protected privacy interest in avoiding disclosure of personal matters which encompasses medical records. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998); Seaton v. Mayberg, 610 F.3d 530, 537 (9th Cir. 2010).

While Plaintiff originally alleged that Defendant Lira disclosed his address and phone number, currently Plaintiff alleges that Defendant Lira violated his right to informational privacy by placing an item on the consent calendar for the city council meeting. The evidence presented by Plaintiff shows that the item on the consent agenda was to approve the denial of a claim filed by Alfonso Padron. (ECF No. 39 at 75, 77, 80.) The calendar specifically states that "These matters are routine in nature and will be enacted with one vote. There will be no separate

discussion for these items unless requested; in which case, the item will be removed from the

Consent Calendar for separate action." (Id. at 74.) Plaintiff has presented no evidence that any

information other than the fact that he filed a claim against the City of Parlier was disclosed and

a vote was held.

The Court finds that the fact that Plaintiff filed a claim and the decision to deny the claim

is not the type of personal information that would fall within any federal right to informational

privacy that might exist. The Supreme Court made it clear that certain types of disclosures or

publications do not rise to the level of constitutional protection and must be addressed

exclusively under state law. Paul, 424 U.S. at 713.

Although Plaintiff has argued that his right to privacy is implicated due to harm to his

reputation, in Paul, the Supreme Court rejected the argument that a state can create a privacy

interest in reputation that would be protected under the federal constitution.[3] The plaintiff had

complained that the state has wrongfully circulated a flyer containing his picture and name which

identified him as a shoplifter. Paul, 424 U.S. at 697. He argued that identifying him as a

potential shoplifter would inhibit him from entering businesses for fear of being suspected of

shoplifting and being arrested, and would seriously impair his future employment opportunities.

Id. The Court found that the interest in reputation was neither a liberty nor property interest for

which the federal constitution would guarantee the right to due process. Id.

Similarly, the Court rejected the plaintiff's claim that his right to privacy was violated by

the disclosure. Paul, 424 U.S. at 712-13. The right of privacy cases limit the privacy rights of

individuals under the substantive due process clause to those rights that are "fundamental" or

"implicit in the concept of ordered liberty." Id. The court found that the plaintiff's claim was

not based on any challenge that the state was attempting to restrict his freedom of action in a

sphere that was intended to be private, but that the plaintiff was trying to prevent the state from

publicizing the official record of his arrest. Id. The Court declined to enlarge privacy rights in

---

[3] Plaintiff cites cases which address whether the federal court should recognize a privilege under state law to support his claim that a federal right of privacy exists for the information disclosed in this matter. (ECF No. 39 at 10-12.) The claims in this action do not implicate a privilege but whether there is a constitutional right to privacy in the information disclosed. Further, state law does not define the contours of a federal constitutional violation. The Court finds these cases to be inapplicable here.

1  this manner.  Id.

2         Here, Plaintiff alleges that Defendant Lira placed the fact that he had filed a claim against

3  the City on the consent agenda.  The fact that Plaintiff filed a claim against the city does not

4  implicate information that is personal and confidential.  Nor does it implicate a right that courts

5  have found to be fundamental or that is implicit in the concept of ordered liberty.  The

6  information is not particularly sensitive information such that it could expose Plaintiff or his

7  family to harm, Barber, 496 F.3d at 456; Kallstrom, 136 F.3d at 1062, nor does it expose

8  intimate aspects of human affairs or information that is highly personal, Eagle, 88 F.3d at 625;

9  Arakawa, 133 F.Supp.2d at 1228.  Further, the cases relied on by Plaintiff do not suggest a

10 different result.  See Statharos v. New York City Taxi & Limousine Comm'n, 198 F.3d 317, 326

11 (2d Cir. 1999) (recognizing a right of privacy in personal financial information); Fraternal Order

12 of Police, Lodge No. 5 v. City of Philadelphia, 812 F.2d 105, 112-117 (3d Cir. 1987) (addressing

13 intrusion in having job applicant disclose physical disabilities or defects, drug use, and treatment

14 for mental or psychiatric disorders and financial information, and if applicant gambled or used

15 alcoholic beverages); Walls v. City of Petersburg, 895 F.2d 188, 193-94 (4th Cir. 1990) (job

16 applicant's sexual activity, marital and family status, and financial information); Plante v.

17 Gonzalez, 575 F.2d 1119, 1135 (5th Cir. 1978) (financial privacy); Denius v. Dunlap, 209 F.3d

18 944, 956-58 (7th Cir. 2000) (medical and financial information); Eagle, 88 F.3d at 625-26 (no

19 privacy right in criminal record as they are public records); Tucson Woman's Clinic v. Eden, 379

20 F.3d 531, 551 (9th Cir. 2004) (medical records); Mangels v. Pena, 789 F.2d 836, 839 (10th Cir.

21 1986) (no privacy interest in possession of contraband drugs); Hester v. City of Milledgeville,

22 777 F.2d 1492, 1497 (11th Cir. 1985) (no privacy interest in control questions during polygraph

23 testing which avoided issues such as those related to marriage, family and sexual relations).

24        Plaintiff has presented no evidence that anything was disclosed other than the fact that he

25 had filed a tort claim and the council would be voting on whether to deny the claim.  Similar to

26 the plaintiff in Paul, Plaintiff has not alleged that the City was acting in a sphere that was

27 intended to be private, but contends that the City cannot publicize the official record that he filed

28 a claim against the City.  See also St. Michael's Convalescent Hosp. v. State of Cal., 643 F.2d

1369, 1375 (9th Cir. 1981) ("As in <u>Paul v. Davis</u>, [the plaintiffs'] claim is not based upon any contention that the public disclosure of the cost information will 'restrict (their) freedom of action in a sphere contended to be private[;]" and finding no cognizable privacy interest in disclosure of cost information.)  No court has extended the right of privacy that far.  The Court finds that the federal right of privacy does not extend to the information that Plaintiff filed a tort claim against the City or the City Council's decision on the claim.

Since the Court finds that no constitutional right of privacy exists, it need not address Plaintiff's additional arguments.  <u>Mangum v. Action Collection Serv., Inc.</u>, 575 F.3d 935, 944 (9th Cir. 2009).

**C.    California State Law Privacy Claims**

Plaintiff contends that he has a right of privacy under the California Constitution.  (ECF No. 37 at 2.)  Plaintiff argues that he has a legitimate expectation of privacy since the Tort Claim Act, the Brown Act, and the California Public Records Act govern tort claims and open and closed session meetings.  (<u>Id.</u> at 4-5.)  Plaintiff argues that the dissemination of his personal private information to the public was a serious intrusion and the Brown Act required that his tort claim be considered in closed session.  (<u>Id.</u> at 5.)  Plaintiff states that as a matter of law he is entitled to summary adjudication on his state law privacy claim.  (ECF No. 39 at 9.)

Defendant counters that Plaintiff does not have a reasonable expectation of privacy in information that he has disclosed to the public.  (ECF No. 41 at 3.)  Defendant contends that since Plaintiff filed a lawsuit against the City of Parlier on January 6, 2016, the information was public when it was placed on the consent calendar on February 17, 2016.  (<u>Id.</u> at 4.)

Article I, section I of the California Constitution contains an explicit guarantee of the right of "privacy" which is broader and more protective in scope than that of the United States Constitution.  <u>Am. Acad. of Pediatrics v. Lungren</u>, 16 Cal.4th 307, 326 (1997); <u>Leonel v. Am. Airlines, Inc.</u>, 400 F.3d 702, 711 (9th Cir. 2005), opinion amended on denial of reh'g, No. 03-15890, 2005 WL 976985 (9th Cir. Apr. 28, 2005).  To prevail on his state constitutional privacy claim, Plaintiff must establish "a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of

privacy." <u>Hill v. Nat'l Collegiate Athletic Assn.</u>, 7 Cal.4th 1, 39-40 (1994); <u>accord</u> <u>Leonel</u>, 400 F.3d at 712. "A defendant may prevail in a state constitutional privacy case by negating any of the three elements[,]" "by pleading and proving, as an affirmative defense, that the invasion of privacy is justified because it substantively furthers one or more countervailing interests[,]" or "by proving other available defenses. <u>Hill</u>, 7 Cal. 4th at 40. A plaintiff "can rebut a defendant's assertion of countervailing interests by showing there are feasible and effective alternatives to defendant's conduct which have a lesser impact on privacy interests." <u>Id.</u> The defendant should prevail on a motion for summary judgment if he negates as a matter of law any of the three threshold elements. <u>Leonel</u>, 400 F.3d at 712.

Here, the Court finds that Plaintiff has failed to establish that he has a reasonable expectation of privacy and therefore, he is not entitled to summary judgment on his privacy claim. "A 'reasonable' expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms." <u>Hill</u>, 7 Cal.4th at 37. "Whether a party has a reasonable expectation of privacy is a context-specific inquiry that should not be adjudicated as a matter of law unless 'the undisputed material facts show no reasonable expectation of privacy.' " <u>Leonel</u>, 400 F.3d at 712 (quoting <u>Hill</u>, 7 Cal.4th at 40.)

In <u>Poway Unified Sch. Dist. v. Superior Court (Copley Press)</u>, 62 Cal.App.4th 1496 (1998), the school district refused to produce tort claims under the Public Records Act and the trial court ordered redacted copies of the documents be produced. The school district filed a petition asking the Court of Appeal for published guidance on its duties as the issue was likely to recur. <u>Copley Press</u>, 62 Cal.App.4th at 1500-01. The Court of Appeals found that a claimant has no reasonable expectation of privacy when submitting a tort claim. <u>Id.</u> at 1505. Further, California state courts have rejected arguments similar to those made by Plaintiff here that he has a legitimate expectation of privacy based on the Tort Claim Act, the Brown Act, and the California Public Records Act. <u>See</u> <u>Copley Press</u>, 62 Cal.App.4th at 1500-01; <u>Register Div. of Freedom Newspapers, Inc. v. Cty. of Orange</u>, 158 Cal.App.3d 893, 901 (1984).

The California Public Records Act ("CPRA") was intended to safeguard the accountability of the government to the public and nondisclosure must be found among the

specified exceptions in the CPRA. <u>Register Div. of Freedom Newspapers, Inc.</u>, 158 Cal.App.3d 893, 901. "The general policy of the CPRA favors disclosure." <u>Id.</u> The Act defines a public record as "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." Cal. Gov. Code § 6252(e). A local agency includes a city whether general law or chartered and any board, commission or agency thereof. Cal. Gov. Code § 6252(a). Pursuant to the Act, public records are open to inspection at all times during office hours of the agency and every person has a right to inspect public records unless otherwise provided by the Act. Cal. Gov't Code § 6253(a). Included within those exemptions are records pertaining to pending litigation to which the agency is a party or to Tort Claims which are not required to be disclosed until the pending litigation or claim has been finally adjudicated or otherwise settled. Cal. Gov. Code § 6254(b). However, the exemptions from disclosure in the CPRA were intended to protect documents created by the agency. <u>Copley Press</u>, 62 Cal.App.4th at 1504. The Court of Appeals held that Claims Act forms are not exempt from disclosure under the CPRA. <u>Id.</u> at 1503-04.

Under the Brown Act all meetings of the legislative body of a local agency are to be open and public. Cal. Gov. Code § 54953(a). The Brown Act insures "actions taken and deliberations conducted by local legislative bodies be openly performed." <u>Register Div. of Freedom Newspapers, Inc.</u>, 158 Cal.App.3d at 906. The Legislature intended that the action and deliberations of public commissions, boards and councils and other public agencies conducting the people's business should be done openly. Cal. Gov. Code § 54950. "The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created." <u>Id.</u>

A city or any board, commission or agency thereof is a local agency under the Brown Act. Cal. Gov. Code § 54951. A meeting is defined as "any congregation of a majority of the members of a legislative body at the same time and location, including teleconference location . . . to hear, discuss, deliberate, or take action on any item that is within the subject matter

jurisdiction of the legislative body." Cal. Gov. Code § 54952.29(a). A majority of members may not use a series of communications to discuss, deliberate or take action on any item of business that is within the subject matter jurisdiction of the body. Cal. Gov. Code § 54952.2(b)(1). "Action taken" means a collective decision made by a majority of the members or an actual vote by the majority when sitting as a body or entity upon motion, proposal, resolution, or ordinance. Cal. Gov. Code § 54952.6. No preliminary or final action may be taken secretly. Cal. Gov. Code § 54953(c)(1). An agenda must be posted at least 72 hours prior to any regular meeting containing a brief general description of each item of business to be transacted or discussed at the meeting. Cal. Gov. Code § 54954.2(a)(1).

The Brown Act provides that certain matters may be held in closed session, including pending litigation, when discussion in open session would prejudice the position of the agency in the litigation. Cal. Gov. Code § 54956.9(a). Prior to holding a closed session to discuss pending litigation, the legislative body must specifically identify the litigation to be discussed absent specific circumstances that are not present here. Cal. Gov. Code § 54956.9(g). The Act provides that the agenda may disclose closed session items and specifies that as to existing litigation, the agenda shall specify by reference to the claimant's name, name of parties, case or claim number. Cal. Gov. Code § 54954.5(c). As recognized in <u>Copley Press</u>, "[t]he Brown Act, expressly acknowledges the availability of the Claims Act claims themselves for public inspection, referencing the Public Records Act." <u>Copley Press</u>, 62 Cal.App.4th at 1503 (citing Cal. Gov. Code § 54956.9(e)(3)). While Plaintiff argues that pending litigation was to be discussed in closed session, no evidence has been presented that any discussion was conducted in public. Additionally, Plaintiff argues that the documents he prepared were specifically for litigation, but there is no evidence that any documents were disclosed. Here, the only information disclosed was that Plaintiff had filed a claim against the City of Parlier.

Further, there is no privacy right with respect to a matter that is already public. <u>Sipple v. Chronicle Publ'g Co.</u>, 154 Cal.App.3d 1040, 1047 (1984). Plaintiff filed a claim in the Fresno County Superior Court on January 25, 2016. (ECF No. 39 at 18-31.) "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial

records and documents.' " Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)); see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1134 (9th Cir. 2003) (recognizing common law right of public access to court records). Once Plaintiff filed his case against the City of Parlier in Fresno Superior Court, the fact that Plaintiff was asserting claims against the City of Parlier was a matter of public record. Plaintiff has no reasonable expectation of privacy in court records because they are matters of public record. Alarcon v. Murphy, 201 Cal.App.3d 1, 6 (1988).

Plaintiff has failed to meet his burden to demonstrate that he is entitled to summary judgment on his state law privacy claim.

### D. Negligence Claim

Plaintiff moves for summary judgment on his negligence claim arguing that Defendant Lara had a legal duty to use due care not to disclose his private and personal information. (ECF No. 39 at 14.) Plaintiff contends that Defendant Lira breached that duty by placing the Tort Claim on the consent calendar and he suffered actual damages because he suffered anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, anguish, mental suffering, anxiety, emotional distress, harm to reputation and loss of standing in the community. (Id.) Plaintiff contends that he may be entitled to punitive damages due to the negligent conduct of Defendant Lira. (ECF No. 37 at 8.)

Defendant argues that even if Plaintiff could present evidence that he was owed a duty and that duty was breached he cannot show proof of his injury because he did not designate Dr. Fernandez as an expert witness in this case. (ECF No. 41 at 6.) Defendant contends that because Plaintiff did not provide sufficient facts to support a claim of negligence his motion for summary judgment should be denied.[4]

To prevail on a negligence claim under California law, Plaintiff must establish that Defendant Lira owed him a legal duty; Defendant Lira breached that duty; the breach was the

---

[4] The Court declines to address Defendant's objection regarding Dr. Fernandez declaration as it is not necessary to decide the instant motion for summary judgment.

1  proximate or legal cause of Plaintiff's injuries; and actual loss or damage that resulted from the

2  breach of the duty of care.  Merrill v. Navegar, Inc., 26 Cal.4th 465, 477 (2001); Brown v.

3  Ransweiler, 171 Cal.App.4th 516, 534 (2009).  "The existence and scope of duty are legal

4  questions for the court."[5]  Merrill, 26 Cal.4th at 477.

5      Plaintiff has not identified any duty of care other than a general duty not to disclose

6  private information.  However, as discussed above, the only evidence presented is that the

7  agenda disclosed that Plaintiff had filed a Tort Claim against the City of Parlier and the Court

8  finds no right of privacy in that information.  Accordingly, the Court finds that Plaintiff has

9  failed to meet his burden to show that Defendant Lira had a duty of care to not disclose that

10 Plaintiff had filed a tort claim against the City of Parlier.  Plaintiff has failed to meet his burden

11 to show that no genuine issues of material fact exist entitling him to summary judgment on the

12 negligence claim.

13      **E.      Conclusion**

14      Based on the foregoing, the Court finds that Plaintiff has failed to meet his initial burden

15 of demonstrating that there are no genuine issues of material fact entitling him to summary

16 judgment on his claims in this action.  Therefore, Plaintiff's motion for summary judgment is

17 denied.

18                                        **IV.**

19                      **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

20      Defendant moves for summary judgment on the grounds that Plaintiff's name, address,

21 and phone number are not entitled to informational privacy under the United States Constitution,

22 Plaintiff waived any right of privacy that existed by publicly disclosing the information, and

23 Defendant is entitled to qualified immunity because it is not clearly established that such

24 information would be entitled to protection.  (ECF No. 36 at 3-6, 7-8.)  Defendant further argues

25 that since Plaintiff placed the information in the public domain, there is no liability under

26

27  [5] The Court notes that under California law "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  Cal. Gov. Code § 820.2.  However, Defendant Lira has not argued that his acts were

28 discretionary such that he would be entitled to immunity under California law.

California law for further disclosure of the information. (Id. at 6.) Defendant requests that the Court grant summary judgment in his favor.

Plaintiff counters that Defendant has based his argument that he is not liable on an accusation against his attorney and that Defendant Lara did not have the experience to be city manager, was ignorant of the law, and was incompetent in his city manager position. (ECF No. 43 at 4-7.) Plaintiff contends that under the California Constitution he has a right of privacy in his address and phone number. (Id. at 7-8.) Further, Plaintiff argues that Defendant ignores Supreme Court cases and misapplies the Ninth Circuit and California cases. (Id. at 9-13.) Plaintiff also argues that the doctrine of qualified immunity has been abolished in many jurisdictions and qualified immunity does not exist. (Id. at 15-16.)

## A. Informational Privacy under the First Amendment

The Court had previously requested that the parties brief the issue of whether Plaintiff has a right of privacy in his address and phone number. (ECF No. 28, 31.) As Defendant Lira argues that it is not clearly established that Plaintiff has a right of privacy in his address and phone number under the First Amendment, the Court begins with the analysis of whether Defendant is entitled to qualified immunity on his federal informational privacy claim. [6]

The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011) (citations omitted).

---

[6] Plaintiff argues that Defendant cannot obtain qualified immunity by relying on the advice of his attorney. However, the ground upon which Defendant moves for qualified immunity is that the law in the area of informational privacy is not well settled. (ECF No. 36 at 7-8.)

Although Defendant Lira did state that he relied on the advice of the city attorney in placing the item on the agenda, it is irrelevant to the issue to be addressed in the instant motion since question is whether the informational right of privacy is well established. Similarly, Plaintiff's arguments regarding the rules relating to attorneys are disregarded as irrelevant. Additionally, Plaintiff argues that Defendant was an incompetent city manager, but he has has presented no evidence as to Defendant's qualifications nor to his performance as city manager. Further, the issue here is not whether Defendant adequately performed his duties as city manager in general, but whether he violated federal law by placing Plaintiff's tort claim on the consent agenda.

To determine if a public official is entitled to qualified immunity the court uses a two-part inquiry. Saucier v. Katz, 533 U.S. 194, 200 (2001) overruled in part by Pearson, 555 U.S. 223. The court determines if the facts as alleged state a violation of a constitutional right and if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. al-Kidd, 563 U.S. at 741. This does not require that the same factual situation must have been decided, but that existing precedent would establish the statutory or constitutional question beyond debate. Id.; Mattos v. Agarano, 661 F.3d 433, 442 (9th Cir. 2011). "The linchpin of qualified immunity is the reasonableness of the official's conduct." Rosenbaum v. Washoe County, 654 F.3d 1001, 1006 (9th Cir. 2011).

The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't., 556 F.3d 1075, 1085 (9th Cir. 2009)). A district court is "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236. The right the official is alleged to have violated must be defined at the appropriate level of specificity before the court can determine if it was clearly established. Dunn, 621 F.3d at 1200.

While Defendant seeks qualified immunity as to all his claims, qualified immunity is a federal doctrine that does not extend to state claims. Cousins v. Lockyer, 568 F.3d 1063, 1072 (9th Cir. 2009); Johnson v. Bay Area Rapid Transit Dist., 724 F.3d 1159, 1171 (9th Cir. 2013); Ogborn v. City of Lancaster, 101 Cal. App. 4th 448, 460 (2002); Venegas v. Cty. of Los Angeles, 153 Cal.App.4th 1230, 1240 (2007). Although California law provides for various types of statutory immunity, Defendant has not raised these as a defense. Therefore, the Court only considers whether Defendant is entitled to qualified immunity on his section 1983 claim.

Here, the Court shall exercise its discretion to address whether the right alleged is clearly established.[7] As discussed infra at III.B., the Supreme Court has assumed without deciding that

---

[7] To the extent that Plaintiff argues in his reply that the right of privacy under the United States Constitution is similar in scope and application to the California right to privacy he is mistaken. It is well established that the right

a right to informational privacy exists under the United States Constitution. <u>Nelson</u>, 562 U.S. at 138. Since the Supreme Court recognized a constitutional right to privacy courts, have struggled to define the limits of the right, especially with respect to disclosure of personal matters." <u>Arakawa</u>, 133 F.Supp.2d at 1226. Numerous court opinions have recognized that the privacy rights protected by the United States Constitution are not clearly defined. <u>See</u> In<u> re Crawford</u>, 194 F.3d at 958 (the precise bounds of the constitutional zone of privacy is uncertain); <u>Kallstrom</u>, 136 F.3d at 1060 (boundaries of the right to privacy have not been clearly delineated); <u>Eagle</u>, 88 F.3d at 625 ("the exact boundaries of this right are, to say the least, unclear"); <u>James</u>, 941 F.2d at 1543 ("constitutional right to privacy has vague contours and has been in a state of flux in recent years").

Some circuits have recognized a right to privacy in personal information, such as an address, phone number, driver's license number, social security number, etc. where disclosure of the information was particular sensitive and would create a danger of harm to the plaintiff or his family. <u>Kallstrom</u>, 136 F.3d at 1060; <u>Barber</u>, 496 F.3d at 456.

Similarly, the Ninth Circuit has recognized that employees can have a privacy interest in their names and addresses, particularly when the information is coupled with personal financial information which could be used by mass marketers to commit an invasion of the individual right to be let alone. <u>Painting Indus. of Hawaii Mkt. Recovery Fund v. U.S. Dep't of Air Force</u>, 26 F.3d 1479, 1483 (9th Cir. 1994); <u>see</u> <u>also</u> <u>In re Crawford</u>, 194 F.3d at 958 (indiscriminate disclosure of social security numbers when accompanied by names and addresses may implicate the constitutional right to informational privacy). However, the Ninth Circuit has also recognized that the general vicinity of an offender's address is not considered private information. <u>Russell v. Gregoire</u>, 124 F.3d 1079, 1094 (9th Cir. 1997).

Further, in <u>Smith v. Maryland</u>, 442 U.S. 735 (1979), the Supreme Court found that an individual has no legitimate expectation of privacy in information that he voluntarily turns over to third parties and, while conversations may be entitled to privacy, society is not prepared to

---

to privacy under the California Constitution is broader and more protective in scope than that of the United States Constitution. <u>Am. Acad. of Pediatrics</u>, 16 Cal.4th at 326; <u>Leonel</u>, 400 F.3d at 711.

recognize a reasonably expectation of privacy in a phone number that is dialed. <u>Smith</u>, 772 U.S. at 743-44. Relying on <u>Smith</u>, courts that have considered the issue have found that there is no constitutional right to privacy in an individual's phone number. <u>F.C.C.</u>, 75 F.3d at 1361 ("A phone number is not among the select privacy interests protected by a federal constitutional right to privacy.")

Here, based on the allegations in the first amended complaint, Defendant argues that Plaintiff has no legitimate expectation of privacy in his name, address, and phone number. Additionally, Defendant argues that since Plaintiff had no reasonable expectation of privacy in the information because he disclosed it publicly by filing a complaint in the Fresno County Superior Court prior to the information being published by Defendant.

Courts do find that there is a constitutional right to privacy in private medical information. <u>Norman-Bloodsaw</u>, 135 F.3d at 1269; <u>Seaton</u>, 610 F.3d at 537; <u>Arakawa</u>, 133 F.Supp.2d at 1226. However, Plaintiff's allegations here do not implicate such information. Further, beyond this there is no real consensus on what information is entitled to constitutional protection. <u>Arakawa</u>, 133 F.Supp.2d at 1226. The information Plaintiff seeks to have found to be protected is not similar to that which other courts have found is entitled to protection. <u>See</u> <u>Statharos</u>, 198 F.3d at 326 (personal financial information); <u>Fraternal Order of Police, Lodge No. 5</u>, 812 F.2d at 112-117 (disclosure of physical disabilities or defects, drug use, and treatment for mental or psychiatric disorders and financial information, and if applicant gambled or used alcoholic beverages); <u>Walls</u>, 895 F.2d at 193-94 (job applicant's sexual activity, marital and family status, and financial information); <u>Plante</u>, 575 F.2d at 1135 (financial privacy); <u>Denius</u>, 209 F.3d at 956-58 (medical and financial information); <u>Tucson Woman's Clinic</u>, 379 F.3d at 551 (medical records).

Plaintiff has presented no evidence that any private information was released which would place him or his family at a risk of harm. <u>Kallstrom</u>, 136 F.3d at 1062. Nor is Plaintiff's address and phone number inherently private information. <u>Eagle</u>, 88 F.3d at 625. Further, Plaintiff voluntarily disclosed his name address and phone number to the public by filing his complaint in the Fresno County Superior Court prior to the information being disclosed on the

agenda. <u>Smith</u>, 772 U.S. at 743-44; <u>see also</u> <u>Mangum</u>, 575 F.3d at 943 (no reasonable expectation of privacy for information disclosed to third parties).

The Court finds that based on the unclear status of the right of privacy protected by the United States Constitution, it is not clearly established that Plaintiff would have a recognizable privacy interest in his name, address, and phone number based on the circumstances presented here. Defendant Lira is entitled to qualified immunity on the claim that publishing Plaintiff's address and phone number on the agenda violated his right to privacy under the United States Constitution.

### B. Right to Privacy Under California Constitution

The Court next considers whether Defendant has demonstrated that he is entitled to summary judgment on the California right of privacy claims. Defendant argues that Plaintiff has no reasonable expectation of privacy in his name, address, and phone number because he placed the information in the public domain by filing cases in state court which publicly disclosed the information. (ECF No. 36 at 6.) Defendant moves for summary judgment on the claim that disclosure of Plaintiff's address and phone violated his privacy rights under the California Constitution. (<u>Id.</u>)

As discussed infra at III.C., to prevail on his state constitutional privacy claim, Plaintiff must establish "a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." <u>Hill</u>, 7 Cal.4th at 39-40; <u>accord</u> <u>Leonel</u>, 400 F.3d at 712.

The California Supreme Court addressed the constitutionally protected privacy interest in a person's name, address, and phone number in <u>People v. Chapman ("Chapman")</u>, 36 Cal.3d 98, 106 (1984), <u>disapproved of on other grounds by</u> <u>People v. Palmer</u>, 24 Cal.4th 856 (2001). In <u>Chapman</u>, after finding a phone number to be unlisted, the police obtained the name and address of the suspect from the phone company without a warrant. <u>Id.</u> at 104. In <u>Chapman</u>, the court found "an unlisted telephone number is usually requested in order that a person's name and address will not be revealed to anyone other than the telephone company. The fact that a significant percentage of customers take affirmative steps to keep their names, addresses and

telephone numbers confidential demonstrates the importance of this privacy interest to a large portion of the population. Under these circumstances, an expectation of privacy was reasonable." Id. at 109.

California courts recognize a constitutionally protected interest in a person's name, address, and phone number. See Cty. of Los Angeles v. Los Angeles Cty. Employee Relations Com., 56 Cal.4th 905, 927-28 (2013) (recognizing cognizable privacy interest in home address and telephone number); Pioneer Elecs. (USA), Inc. v. Superior Court, 40 Cal.4th 360, 372 (2007) (name, address, and phone number entitled to some privacy protection); Puerto v. Superior Court, 158 Cal.App.4th 1242, 1252 (2008) (reasonable expectation of privacy in home address and phone number); Belaire-W. Landscape, Inc. v. Superior Court, 149 Cal.App.4th 554, 561, 57 Cal.Rptr.3d 197, 202 (2007) (contact information deserves privacy protection); Morales v. Superior Court, 99 Cal.App.3d 283, 291 (1979) (recognizing privacy rights of third party's address and phone number); but see Folgelstrom v. Lamps Plus, Inc., 195 Cal.App.4th 986, 990 (2011), as modified (June 7, 2011) (assuming a privacy interest in home address). The Court finds that Plaintiff does have a constitutionally protected right to privacy in his address and phone number under California law.

Defendant argues that Plaintiff waived the privacy of his address and phone number when he placed it in the public domain by filing lawsuits in state court. Defendant relies on Gates v. Discovery Commc'ns, Inc., 34 Cal.4th 679 (2004) to argue that Plaintiff placed his address and phone number in the public view. Plaintiff argues that this case is distinguishable.

In Gates, the plaintiff served a prison sentence after he was convicted of being an accessory after the fact to murder for hire. 34 Cal.4th at 683. A dozen years after the crime, the defendants produced and aired a documentary of the crime. Id. at 684. After the broadcast, the plaintiff brought suit alleging defamation and invasion of privacy. Id. Plaintiff contended that the fact that he had long ago pled guilty to being an accessory after the fact was not newsworthy because he had been rehabilitated, that revealing his criminal past would be offensive to most Americans and that he did not voluntarily consent to the publication. Id. at 686.

/ / /

After considering prior decisions, the court found that "state officials may not constitutionally punish publication of [truthful] information" that "a newspaper lawfully obtains . . . about a matter of public significance[.]" Id. at 693 (quoting Smith v. Daily Mail Publishing Co., 443 U.S. 97, 103 (1979)). Further, the court declined to distinguish the case based on the length of time since the conviction had occurred. Gates, 34 Cal.4th at 693. "Once true information is disclosed in public court documents open to public inspection, the press cannot be sanctioned for publishing it." Id. (quoting Cox Broadcasting Corporation v. Cohn, 420 U.S. 469, 496 (1975)). "Public records by their very nature are of interest to those concerned with the administration of government, and a public benefit is performed by the reporting of the true contents of the records by the media." Gates, 34 Cal.4th at 693 (citations omitted). Making public records generally available to the media and then forbidding publication of them because they are offensive to the sensibilities of the supposed reasonable man would make it difficult for the media to inform citizens about public business and yet stay within the law. Id. at 696. The court held that "an invasion of privacy claim based on allegations of harm caused by a media defendant's publication of facts obtained from public official records of a criminal proceeding is barred by the First Amendment to the United States Constitution." Id.

The Court finds that the facts and holding of Gates are distinguishable from the instant matter. Here, Plaintiff filed a complaint that is included in the public record of his state court case. It is not the fact that Plaintiff filed a complaint, but personal identifying information on the complaint that was published. Further, Defendant is not a media defendant publishing a matter of public interest. The Court rejects the argument that Gates stands for the general proposition that any information that is contained in the public record loses its protection under California law.

Similarly, the Court finds Kilgore v. Younger, 30 Cal.3d 770 (1982) to be distinguishable. In Kilgore, after a commission was established to study organized crime within the state, a report was submitted to Younger listing the names of 92 persons, including plaintiff, that were suspected of involvement in criminal activity. Kilgore, 30 Cal.3d at 774. On the day the report was delivered, Younger held a press conference and distributed copies of the report.

Id. at 775. During the days following the press conference, the plaintiff was identified by name in several local newspapers without tying him to any specific criminal activity. Id. The plaintiff filed an action against Younger and the newspapers for defamation, intentional infliction of emotional distress, and invasion of privacy. Id. The defendants filed a demur on the ground that the publication of the information was privileged. Id. As relevant here, the court held that as to the privacy claim against the media defendants, there is no liability where the defendant merely gives further publicity to information about the plaintiff that was already public. Id. at 778. However, this is not similar to the situation here, where the plaintiff filed a complaint in state court which included his address and the defendant in some manner publicizes the personal information contained on the complaint.

The Court finds the issue to be whether Plaintiff has conducted himself in a manner consistent with an actual expectation of privacy by not consenting to the public disclosure of his address and phone number. Hill, 7 Cal.4th at 26. In analyzing the element of whether the conduct would be highly offensive to a reasonable person, the California Supreme Court in Hill stated that "[i]f voluntary consent is present, a defendant's conduct will rarely be deemed 'highly offensive to a reasonable person' so as to justify tort liability." Id. (citations omitted). Where an individual voluntarily places their information into the public sphere there is no reasonable expectation of privacy. Id.; see also Gill v. Hearst Pub. Co., 40 Cal.2d 224, 230 (1953) (picture taken in pose voluntarily assumed in a public market place); Aisenson v. Am. Broad. Co., 220 Cal.App.3d 146, 162 (1990) (considering extent to which individual had placed himself in the public sphere).

In Buzayan v. City of Davis, 927 F.Supp.2d 893, 904 (E.D. Cal. 2013), the district court addressed whether an individual's name and address was entitled to protection under the California Constitution. After their daughter was involved in an accident, the plaintiffs attended a city council meeting in which they disclosed their names and addresses. Id. They released audio tapes to the media and stories were aired including their names, occupations, where they worked, their daughter's age, and the school their daughter attended. Id. Their sons participated in a protest march and were identified in the newspaper by their names and ages. Id. In juvenile

court, the plaintiff's counsel provided full media access to the case. Id. The court found that these actions were not consistent with an expectation of privacy as to the information that was disseminated. Id.

Here, Defendant argues that Plaintiff waived his expectation of privacy in his name address and phone number by filing his court case because the pleading contained this information therefore it became public. However, the Court finds that this alone is not inconsistent with a reasonable expectation of privacy in the information. There is no evidence that Plaintiff publicly announced his address and phone number at prior meetings, or that this information was published to the public, such as in the phone book or on social media. Individuals are required to provide such information to file a court case and in many other situations encountered on a daily basis. But merely providing your address and phone number for a business purpose is not inconsistent with an expectation of privacy in the information.

The Court finds that Defendant has not presented evidence that Plaintiff acted inconsistently with a reasonable expectation of privacy in his address and phone number. Defendant's motion for summary judgment on the California privacy claim is denied.

**C.    Conclusion**

The Court finds that Defendant Lira is entitled to qualified immunity on the claim that he violated Plaintiff's privacy rights under the United States Constitution by disclosing his name, address, and phone number. However, Defendant Lira has not met his burden to establish that there are no genuine issues of material fact as to Plaintiff's state law right of privacy claim.

**V.**

**SUPPLEMENTAL JURISDICTION**

Having found that Defendant is entitled to qualified immunity on the federal claims at issue in this action, no federal claims remain over which this Court has original jurisdiction. See Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005) ("In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331.") The only claims remaining are the state law claims over which the Court has supplemental jurisdiction,

including the state law privacy claim discussed above.[8]  See 28 U.S.C. § 1367(c)(3).  The Court considers whether it should continue to exercise supplemental jurisdiction over the state law privacy and negligence claims

Where a district court has original jurisdiction, it may exercise supplemental jurisdiction over all claims that are that are so related that they form part of the same case or controversy.  28 U.S.C. § 1367(a).  As relevant here, the district court may decline to exercise supplemental jurisdiction where all claims over which the court has original jurisdiction have been dismissed.  28 U.S.C. § 1367(c)(3).  "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).  "To decline jurisdiction under § 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity."  Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003).  Once the federal claim on which jurisdiction exists has been proven to be unfounded at summary judgment, this allows courts to avoid determining issues of state law.  Id.; Bryant v. Adventist Health Sys./W., 289 F.3d 1162, 1169 (9th Cir. 2002).

"[D]istrict courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine."  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172–73 (1997) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (quoting Carnegie–Mellon Univ., 484 U.S. at 350 n.7).

---

[8] Defendant did not move for summary judgment on the claim that Defendant Lira was negligent by disclosing his personal information.

Here, the Court finds that Defendant Lira is entitled to qualified immunity on the claim that he violated Plaintiff's privacy rights under the United States Constitution and there are no federal claims remaining over which the Court has original jurisdiction. Considerations of comity weigh strongly in favor of declining to exercise supplemental jurisdiction. All the remaining claims arise under state law. There is no reason for this Court to continue to hear this action where the state court is equally competent to hear the case and likely has a better grasp of the law of its own forum. Therefore, the principle of comity favors deference to the state court.

Judicial economy would not be promoted by the further investment of federal judicial time in continuing to exercise supplemental jurisdiction over the state law claims. The Court has had little judicial involvement in this case, other than deciding the instant motion; and there is no evidence that Plaintiff's remaining state law claims have merit. Thus, there is no strong reason for this Court to continue to exercise supplemental jurisdiction.

The factor of convenience to the parties weighs against continued exercise of jurisdiction as the state courthouse is less than a block away from the federal courthouse and easily available to the parties. Nor does the Court have any reason to doubt that the state court will provide the parties with an equally fair adjudication of the state claims.

The Court finds that the considerations of comity, judicial economy, convenience, and fairness to the parties do not strongly support the exercise of supplemental jurisdiction. The Court therefore declines to exercise discretion over the state law claims. The state law claims shall be dismissed without prejudice.

## VI.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for summary judgment is DENIED;

2.      Defendant's motion for summary judgment is GRANTED IN PART AND DENIED IN PART as follows:

      a.      Defendant's motion for summary judgment on the ground of qualified immunity on the federal right to privacy claim is GRANTED;

1            b.      Defendant's motion for summary judgment on the California right to
2                  privacy claim is DENIED;
3            3.      The Court declines to exercise supplemental jurisdiction over all the state
4                  law claims;
5        4.      The state law claims are DISMISSED without prejudice;
6        5.      The Clerk of the Court is DIRECTED to enter judgment in favor of Defendant
7                  Lira on the federal right of privacy claim.

IT IS SO ORDERED.

Dated:  **May 11, 2018**

_____

UNITED STATES MAGISTRATE JUDGE